IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **ATLAS GLOBAL TECHNOLOGIES,** Plaintiff, | § § § |
| v. | §  NO. 6:21-CV-00820-ADA |
| **ASUSTeK COMPUTER, INC.** Defendant. | § § § § § |

## ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE [ECF No. 19]

Came on for consideration this date is Plaintiff's Motion for Alternative Service. After careful consideration of the Motion and the applicable law, the Court **DENIES** Plaintiff's Motion for Alternative Service without prejudice.

### I. BACKGROUND

Atlas sued ASUS alleging infringement of 8 patents generally related to the 802.11ax standard, commonly called "Wi-Fi 6." *See* ECF No. 1. ASUS is a Taiwanese company that purportedly has its principal place of business at LiDe Building at No. 15, LiDe Rd., Beitou Dist., Taipei City 112, Taiwan, R.O.C. *See* ECF No. 19 at 1. ASUS is currently defending other patent cases in this Court, including at least *KT Imaging USA, LLC v. ASUSTeK Comp. Inc.,* No. 6:20-cv-300-ADA, *ACQIS LLC v. ASUSTeK Comp. Inc.*, No. 6:20-cv-966-ADA, *UNM Rainforest Innovations v. ASUSTeK Comp. Inc.*, No. 6:20-cv-142-ADA. Plaintiff Atlas Global Technologies LLC ("Atlas") seeks an order from the Court permitting alternative service on ASUSTeK Computer, Inc. ("ASUS") pursuant to Federal Rule of Civil Procedure 4(f)(3).

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation served outside the United States are to be served "in any manner prescribed by Rule 4(f) for serving an individual,

1

expect personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). "Rule 4(f)(3) provides that the Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'" *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.* ("*STC.UNM v. TSMC*"), No. 6:19-cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (quoting Fed. R. Civ. P. 4(f)(3)). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Id.* (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

### III. ANALYSIS

The Court will not permit alternative service here where Plaintiff has not shown that it attempted service through other means first. To be sure, this Court has found that serving a Taiwanese entity can prove difficult, thanks in no small part to the United States government's refusal to recognize Taiwan as a sovereign state. Taiwan is not a signatory to the Hague Convention and determining what constitutes service under its laws can prove complicated— though it has been contended elsewhere that service by letter rogatory is the acknowledged method of service in Taiwan. *Noble Sec., Inc. v. Ingamar Co.*, No. 21-CV-1372 (MKB), 2021 U.S. Dist. LEXIS 96206, at *9 (E.D.N.Y. May 20, 2021). This Court has, in view of these complicating circumstances, previously granted alternative service on Taiwanese entities.

Further, the Federal Rules of Civil Procedure do not demand that a plaintiff "attempt to effect service under Rule 4(f)(1) before requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 U.S. Dist. LEXIS 122328, at *4-5 (W.D. Tex. July 13, 2020) (quoting *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 U.S. Dist. LEXIS 185740, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014)). Indeed, "service of process under Rule

4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' . . . It is merely one means among several which enables service of process on an international defendant" *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (quoting *Forum Fin. Grp. v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001)).

But, as this Court has recognized, "principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *Id.* (quoting *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 U.S. Dist. LEXIS 60665, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)). Here, the Court will exercise its discretion to deny Plaintiff's motion for alternative service for failing to describe Plaintiff's efforts in serving ASUS heretofore.

### IV. CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Alternative Service is **DENIED** without prejudice.

SIGNED this 23rd day of September, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE