IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC | § § § § | Civil Action No. 6:21-cv-820-ADA |
| Plaintiff, | § § | Jury Trial Requested |
| v. | § § | |
| ASUSTeK COMPUTER, INC., | § § § § | |
| Defendant. | § § § | |

## SCHEDULING ORDER

On June 2, 2022 (fourteen days after the filing date of the Case Readiness Status Report, Dkt. No. 40), the Court effectively conducted a conference in the above entitled and numbered case. All parties appeared through counsel. As a result of such hearing, and pursuant to Rule 16, Federal Rules of Civil Procedure, the Court ORDERS that the following schedule will govern deadlines up to and including the trial of this matter:

| Date | Event |
|---|---|
| July 21, 2022 (7 weeks after CMC) | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical |

1

| | |
|---|---|
| | documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| August 4, 2022<br>(9 weeks after CMC) | Parties exchange claim terms for construction. |
| August 18, 2022<br>(11 weeks after CMC) | Parties exchange proposed claim constructions. |
| August 18, 2022<br>(12 weeks after CMC) | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[1] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| August 25, 2022<br>(13 weeks after CMC) | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| September 1, 2022<br>(14 weeks after CMC) | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| September 22, 2022<br>(17 weeks after CMC) | Plaintiff files Responsive claim construction brief. |
| October 6, 2022<br>(19 weeks after CMC) | Defendant files Reply claim construction brief. |
| October 6, 2022<br>(19 weeks after CMC) | Parties to jointly email the law clerks (*see* OGP at 1) to confirm their *Markman* date and to notify if any venue or jurisdictional motions remain unripe for resolution. |
| October 20, 2022<br>(21 weeks after CMC) | Plaintiff files a Sur-Reply claim construction brief. |

---

[1] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| | |
|---|---|
| October 25, 2022<br>(3 business days after submission of sur-reply) | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy.<br>*See* General Issues Note #7 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| October 27, 2022<br>(22 weeks after CMC, but at least 10 days before Markman hearing) | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |
| November 3, 2022 (or as soon as practicable)[2]<br>(23 weeks after CMC) | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the Markman hearing approaches. |
| November 4, 2022<br>(1 business day after *Markman* hearing) | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| December 15, 2022<br>(6 weeks after *Markman* hearing) | Deadline to add parties. |
| January 12, 2023<br>(10 weeks after *Markman* hearing) | Deadline to serve Final Infringement Contentions. After this date, leave of Court is required for any amendment to infringement contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| January 26, 2023<br>(12 weeks after *Markman* hearing) | Deadline to serve Final Invalidity Contentions. After this date, leave of Court is required for any amendment to invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| February 23, 2023<br>(16 weeks after *Markman* hearing) | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |

---

[2] All deadlines hereafter follow the original Markman hearing date and do not change if the Court delays the Markman hearing.

| | |
|---|---|
| May 4, 2023<br><br>(26 weeks after *Markman* hearing) | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's law clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| May 25, 2023<br><br>(29 weeks after *Markman* hearing) | Close of Fact Discovery. Fact discovery must be completed by this date. Any fact discovery requests must be propounded so that the responses are due by this date. |
| June 1, 2023<br><br>(30 weeks after *Markman* hearing) | Opening Expert Reports. |
| June 29, 2023<br><br>(34 weeks after *Markman* hearing) | Rebuttal Expert Reports. |
| July 27, 2023<br><br>(38 weeks after *Markman* hearing) | Close of Expert Discovery. |
| August 3, 2023<br><br>(39 weeks after *Markman* hearing) | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact the Court's law clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| August 10, 2023<br><br>(40 weeks after *Markman* hearing) | Dispositive motion deadline and *Daubert* motion deadline.<br><br>The Court does not limit the number of motions for summary judgment (MSJs) and *Daubert* motions a party may file. However, absent leave of Court, the cumulative page limit for opening briefs for all MSJs is 40 pages per side, and for all *Daubert* motions is 40 pages per side. Each responsive MSJ and *Daubert* is limited to the pages utilized in the opening brief or by the local rules, whichever is greater; and the cumulative pages for responsive briefs shall be no more than cumulative pages utilized in the opening |

| | |
|---|---|
| | briefs. Reply brief page limits shall be governed by the local rules.<br><br>*See* General Issues Note #7 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| August 24, 2023<br><br>(42 weeks after *Markman* hearing) | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| September 7, 2023<br><br>(44 weeks after *Markman* hearing) | Serve objections to pretrial disclosures/rebuttal disclosures. |
| September 14, 2023<br><br>(45 weeks after *Markman* hearing) | Serve objections to rebuttal disclosures; file Motions *in limine*.<br><br>The Court does not limit the number of Motions *in limine* (MIL) a party may file. However, absent leave of Court, the cumulative page limit for all MILs is 15 pages per side. Each responsive MIL brief is limited to the pages utilized in the opening brief or by the local rules, whichever is greater; and the cumulative pages for responsive briefs shall be no more than cumulative pages utilized in the opening briefs. Reply brief page limits shall be governed by the local rules. |
| September 21, 2023<br><br>(46 weeks after *Markman* hearing) | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine* |
| September 28, 2023<br><br>(47 weeks after *Markman* hearing) | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |

| | |
|---|---|
| October 9, 2023<br><br>(8 weeks before trial) | Parties to jointly email the Court's law clerk (*See* OGP at 1) to confirm their pretrial conference and trial dates. |
| October 9, 2023<br><br>(3 business days before Final Pretrial Conference) | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| October 12, 2023 (or as soon as practicable)<br><br>(49 weeks after *Markman* hearing) | Final Pretrial Conference. Held in person unless otherwise requested. The parties shall provide to the Court an agreed jury charge with supported objections of each party, and proposed questions for the jury, at the final Pre-Trial Conference. |
| November 6, 2023 (or as soon as practicable)[3]<br><br>(≈52 weeks after *Markman* hearing) | Jury Selection/Trial.<br><br>After the trial date is set, the Court will not move the trial date except in extreme situations. If a party believes that the circumstances warrant continuing the trial date, the parties are directed to contact the Court's law clerk |

SIGNED this 27th day of June, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[3] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.